UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRISTIAN LORENI MENDEZ, | Case No. 2:26-cv-01854-MMD-MDC |
| Petitioner, | ORDER |
| v. | |
| TODD BLANCHE, *et al.*, | |
| Respondents. | |

Petitioner Cristian Loreni Mendez, an immigration detainee challenging his ongoing federal detention at Henderson Detention Center, filed a *pro se* petition for federal habeas corpus relief under 28 U.S.C. § 2241 (ECF No. 1-1 ("Petition")). The Court finds that Petitioner has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP").[1] Moreover, the Petition suffers from a procedural defect: Petitioner has not selected the warden of Henderson Detention Center as a respondent in this action. However, the Court finds that the appointment of counsel is in the interests of justice due to the potential complexities of this case.[2] The Court defers ruling on the Petition but

---

[1]A $5.00 filing fee is required to initiate a habeas action in a federal district court. *See* 28 U.S.C. § 1914(a). The Court may authorize an indigent petitioner to begin a habeas action without paying the $5 fee if they submit an IFP application on the approved form and include three documents: (a) the petitioner's financial declaration and acknowledgement showing an inability to prepay fees and costs; (b) a financial certificate signed by the petitioner and an authorized official; and (c) a copy of the petitioner's account statement for the six-month period prior to filing. *See* 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

[2]Petitioners seeking habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or whenever the interests of justice so require. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A.

directs service on the United States Attorney's Office for the District of Nevada ("USAO") and sets a briefing schedule.

It is therefore ordered that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance (or indicate its inability to represent Petitioner) within seven days of the date of this Order. If the FPD is unable to represent Petitioner, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it (1) will have 30 days from the date of this Order to file either an amended petition or a motion to dismiss the petition, (2) shall effectuate service of the amended petition, if one is filed, on Respondents, and (3) shall file a motion for leave to proceed IFP on Petitioner's behalf.

It is further ordered that the Petition (ECF No. 1-1) is deferred.

It is further kindly ordered that the Clerk of Court:

1. File the Petition (ECF No. 1-1).

2. Send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

3. Add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

4. Mail a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Reggie Rader, Police Chief, Henderson Detention Center, 18 E Basic Rd. Henderson, NV 89015.

///

///

It is further ordered that the USAO file a notice of appearance within seven days of the date of this Order and file and serve their answer to the amended petition, if one is filed, within fourteen days of service of the filing of that amended petition, unless additional time is allowed for good cause shown. Respondents must file any documents referenced or relied upon in their responsive pleading with that pleading. Petitioner will then have seven days to file a reply.

It is further ordered that the USAO produce the following documents to the FPD (or certify that such documents are not in their custody or control) within ten days from the date of this Order:

(1)   I-200 Warrant for Arrest of Alien

(2)   Form I- 286 Initial Custody Determination

(3)   I-862 Notice to Appear

(4)   Form I-213 Record of Deportable or Inadmissible Alien

(5)   All immigration court orders in the petitioner's removal proceedings

(6)   Documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner

(7)   Transcripts and/or audio recordings of any custody redetermination proceedings.

It is further ordered that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

///

///

///

3

It is further ordered that Respondents shall not transfer Petitioner out of this District until further Court order.[3]

DATED THIS 22nd Day of June 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3]*See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

4