UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CRISTIAN LORENI MENDEZ,<br>Petitioner,<br>v.<br>TODD BLANCHE, *et al.*,<br>Respondents. | Case No. 2:26-cv-01854-MMD-BNW<br>ORDER |

## I. SUMMARY

Petitioner Cristian Loreni Mendez, an immigration detainee challenging his ongoing federal detention at Henderson Detention Center, filed a counseled first amended petition for federal habeas corpus relief under 28 U.S.C. § 2241. (ECF No. 8 ("Petition").)[1] Additionally, Petitioner filed a Motion for a Temporary Restraining Order. (ECF No. 19 ("Motion for TRO").) For the reasons discussed below, the Court grants the Petition and denies the Motion for TRO as moot.

## II. RELEVANT BACKGROUND

Petitioner is a citizen of the Dominican Republic. (ECF No. 8 at 4.) He entered the United States lawfully on a tourist visa on February 24, 2025. (ECF No. 15-1 at 24.) Petitioner subsequently married a U.S. citizen on June 13, 2025. (ECF No. 8 at 4.) Petitioner's spouse filed a Form I-130, Petition for Alien Relative, which was subsequently approved, and Petitioner filed a Form I-485, Application to Register Permanent Residence or Adjust Status. (*Id.*) Following a 911 call the previous day, Petitioner was arrested and charged on December 31, 2025 with three Class B misdemeanors: assault, unlawful

[1]Respondents filed a response (ECF No. 15) and Petitioner replied (ECF No. 16).

detention, and domestic violence in the presence of a child. (*Id.*) Petitioner entered Immigration and Customs Enforcement ("ICE") custody on January 1, 2026, (*Id.* at 5), and ICE issued a Form I-200 Arrest Warrant on Petitioner (ECF No. 15-1 at 28). The next day, he was charged under INA § 212(a)(7)(A)(i)(I) for overstaying his non-immigrant visa and was issued a Form I-862 Notice to Appear ("NTA"). (*Id.* at 20–22.)

Petitioner had a custody redetermination hearing on January 21, 2026. (ECF No. 8 at 5.) The Immigration Judge ("IJ") determined that Petitioner was not eligible for bond because he "has not demonstrated he is not a danger to the community," in a one-line written order. (ECF No. 15-1 at 2.) Several months later, Petitioner had a second custody redetermination hearing, where the IJ reiterated that Petitioner was ineligible for bond based on a finding that he failed to demonstrate that "he is not a danger to the community." (*Id.* at 4.) On the Court's request, Respondents produced an audio recording of this hearing. (ECF Nos. 17, 18.)

Petitioner brought this action on June 18, 2026, challenging his detention. (ECF No. 1, 1-1.) Petitioner's appointed counsel filed the Petition (ECF No. 8), which argues that the IJ failed to apply the correct legal standard during his second bond hearing (ECF No. 8 at 6–9). Respondents countered that Petitioner failed to exhaust his administrative remedies and that this Court lacks jurisdiction under 8 USC § 1226(e) absent a due process violation, which they claim did not occur. (ECF No. 15.) After reviewing the case, the Court noted that there was a deficiency in the immigration documentation submitted by Respondents: Petitioner's I-200 Arrest Warrant was dated before his NTA. (ECF No. 20.) Because this ran afoul of federal regulations, the Court ordered simultaneous briefing on this issue. (*Id.* (citing 8 C.F.R. § 236.1(b)).) Petitioner and Respondents timely submitted their briefs. (ECF Nos. 21 and 22.)

///

///

**III. DISCUSSION**

Habeas corpus "is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees that a writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

**A. Arrest Warrant Deficiencies**

Respondents admit that Petitioner is detained under the discretionary detention provisions of 8 U.S.C. § 1226(a). (ECF No. 15 at 8.) Respondents argue that 1226(a)'s procedures satisfy due process. (*Id.* at 9.) This Court finds, however, that Respondents have not correctly followed the procedures. Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Importantly, the regulation governing warrants of arrest reads: "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). This comports with the statutory authorization of discretionary detention pending a removal decision. *See* 8 USC § 1226. Federal regulations further establish which immigration officials are authorized to issue these warrants. *See* 8 C.F.R. § 287.5(e)(2)

It is clear here from the documents produced by Respondents related to Petitioner's detention that this process was not followed. Petitioner's Form I-200 Warrant for Arrest is dated January 1, 2026. (ECF No. 15-1 at 28.) Petitioner's Form I-862 NTA is

dated January 2, 2026. (*Id.* at 20.) Accordingly, the Warrant for Arrest is not valid because it was not issued and served "[a]t the time of the issuance of the notice to appear, or at any time thereafter," as required by ICE's own regulations. 8 C.F.R. § 236.1(b)(1). Respondents argue that the I-200 was not acted upon until January 2, 2026, when Petitioner was released into ICE custody. (ECF No. 22 at 1.) They argue that the language of the regulation only requires that the *arrest* occur after the commencement of removal proceedings by the NTA. (*Id.* at 1–2.) However, the I-200 itself states that it was served on January 1, 2026, undercutting Respondents' argument. (ECF No. 15-1 at 28.).[2]

Regardless of when the arrest was made pursuant to the Warrant of Arrest, the form suffers from an additional procedural error. The I-200 was signed by an individual with the tile, "Deportation Officer." (*Id.*) "Deportation Officer" is not contained within the list of immigration officials authorized to issue arrest warrants. *See* 8 C.F.R. § 287.5(e)(2). Respondents present no evidence that the individual who signed the I-200 in question had such authority. (ECF No. 22.)[3] Accordingly, the Form I-200 was not issued according to the binding regulations at 8 C.F.R. § 236.1(b)(1) and 8 C.F.R. § 287.5(e)(2).

Courts in this jurisdiction have consistently found that the failure to follow the procedural protections surrounding arrest warrants are violations of the statutory and due process rights of noncitizens. *See Escobar Nerio v. Blanche, et al.*, No. 2:26-cv-02010-

---

[2]The Court acknowledges conflicting dates throughout the record regarding when Petitioner was transferred to ICE custody from Weber County Jail. For example, the Weber County Sherrif's Office incident report notes a "Disposition Date" of January 2, 2026, without explanation as to the meaning of that phrase. (ECF No. 9-2.) The Vicitim's Waiver of Release Agreement, however, was signed on January 1, 2026. (ECF No. 9-3). The Form I-213 Record of Deportable/Inadmissible Alien notes a processing date of January 2, 2026. (ECF No. 15-1 at 23.) However, none of this evidence is as definitive as the signed and dated Certificate of Service on the Form I-200 which certifies that the Arrest Warrant was served on Petitioner and read to him in the Spanish language on January 1, 2026. (*Id.* at 28.)

[3]Nor do Respondents argue that Petitioner's arrest meets the requirements for the warrantless arrest exception under 8 U.S.C. § 1357, so the Court declines to make a finding that such an exception would apply.

MMD-NJK, 2026 WL 2983494 (D. Nev. Oct. 5, 2026); *Djiwaje v. Bondi et al.*, No. 2:26-cv-00344-RFB-MDC, 2026 WL 926753, at *4 (D. Nev. Apr. 6, 2026) ("Accordingly, in addition to finding that Petitioner's arrest and subsequent detention is unlawful under the governing regulations of the INA, this Court further finds that Petitioner is currently detained in violation of his substantive due process rights."); *Romero-Perez v. Blanche, et al.*, No. 2:26-cv-01708-RFB-BNW, 2026 WL 1724752, at *4 (D. Nev. June 15, 2026) ("On this record, the Court must conclude that Respondents failed to satisfy their own binding regulations and, in doing so, denied Ms. Romero-Perez key procedural protections which she is entitled to."); *see also Aviles v. Blanche, et al.*, No. 2:26-cv-01429-RFB-MDC, 2026 WL 2547007, at *3 (D. Nev. Aug. 28, 2026) ("As this Court analyzed in *Djiwaje v. Bondi*, under similar facts but in the context of a Form I-200 warrant, arresting a noncitizen without abiding by the regulations concerning administrative arrest warrants violates both the INA and substantive due process."). The Court follows their reasoning today in finding that Petitioner's current detention is in violation of his statutory and due process rights.

The Court additionally finds that the procedural errors made should be remedied by release from detention. *See Romero-Perez*, 2026 WL 1724752, at *4 ("Therefore, the Court concludes that Ms. Romero-Perez must be immediately released from government custody so that she may benefit from all the procedures she is entitled to. That is what 'law and justice' require." (internal citation omitted)); *Escobar Nerio,* 2026 WL 2983494, at *4 ("The arrest was invalid *ab initio* and the proper remedy is release from detention." (internal citation omitted)); *Djiwaje*, 2026 WL 926753, at *5 (ordering release as remedy for invalid Form I-200). Accordingly, the Court finds the failure to abide by the binding regulations surrounding Arrest Warrants is a violation of Petitioner's statutory and due process rights, and that immediate release is an appropriate remedy.

///

**B. IJ Abuse of Discretion**

The bulk of the briefing on the Petition focused on whether Petitioner's due process rights were violated at the second custody redetermination hearing. (ECF Nos. 8, 15, and 16.) However, because the Court finds Petitioner's arrest was unlawful and grants the Petition on that ground, it declines to determine whether the IJ abused her discretion in denying Petitioner release on bond. Because the Court declines to decide this issue, it need not determine whether administrative exhaustion was required in this instance.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Petition.

It is therefore ordered that the Petition (ECF No. 8) is granted. Respondents must immediately release Petitioner no later than 9:00 AM on Monday, October 26, 2026, subject to reasonable terms of supervision. *See* 8 U.S.C. §§ 1231(a)(6), (a)(3). Determining reasonable terms of supervision shall not in any way impede the immediate release of Petitioner.

It is further ordered that Respondents ensure ICE returns all of Petitioner's personal property in their possession at the time of Petitioner's release.

It is further ordered that the parties shall file a joint status report by Tuesday, October 26, confirming Respondents' compliance with this Order.

It is further ordered that Petitioner's Motion for Temporary Restraining Order (ECF No. 19) is denied as moot.

///

///

///

The Clerk of Court is instructed to enter judgement in favor of Petitioner and close this case accordingly. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move reopen this case to enforce the judgment without filing a separate case.

DATED THIS 23rd Day of October 2026

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE